IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THOMAS CLYDE ECHOLS                                                              PLAINTIFF

v.                              Civil No. 3:24-cv-03042-CDC

JAILER JIM HENRY, Searcy County Detention
Center (SCDC); JAILER CHRISTIAN JOHNSON,                           DEFENDANTS
SCDC; DEPUTY SHERIFF CALEB HORN, Searcy
County Sheriff's Office; and SHERIFF KENNY
CASSELL, Searcy County, Arkansas

## **OPINION**

Plaintiff, Thomas Clyde Echols, filed this 42 U.S.C. § 1983 action *pro se* on October 15, 2024 in the Eastern District of Arkansas. (ECF No. 2). Plaintiff also submitted a Motion to proceed *in forma pauperis* ("IFP"). (ECF No. 1). The case was transferred to this District by Order entered on October 16, 2024. (ECF No. 3). The same day, the IFP Motion was granted. (ECF No. 7). The case is before the undersigned pursuant to the consent of the parties. (ECF No. 22). Currently before the Court is Plaintiff's failure to comply with Orders of the Court and prosecute this matter.

**I.    DISCUSSION**

On October 16, 2024, the Plaintiff was advised that his Complaint was deficient because he failed to state how Sheriff Cassell was involved in the violation of his federal constitutional rights. (ECF No. 8). Plaintiff was given until November 6, 2024, to submit an amended complaint. *Id.* Plaintiff timely filed his Amended Complaint on October 31, 2024. (ECF No. 10).

In it, Plaintiff asserted his constitutional rights were violated when he was arrested and while he was incarcerated in the Searcy County Detention Center ("SCDC"). *Id.* Specifically,

Plaintiff alleged he was subjected to excessive force during his arrest; he was subjected to excessive force at the SCDC, he was denied medical care; the conditions in which he was confined were unconstitutional; his bond was set at an excessive amount; and he was denied access to the courts. *Id.*

On November 26, 2024, service was directed on the Defendants. (ECF No. 12). Defendants answered on January 27, 2025. (ECF No. 18). On February 13, 2025, a Bench Order was entered advising the Defendants if they desired to raise the defense of failure to exhaust administrative remedies, they must do so by filing a summary judgment motion on or before April 14, 2025.

On April 14, 2025, Defendants filed their Motion for Summary Judgment, Brief in Support, and Statement of Undisputed Facts ("hereinafter Motion"). (ECF Nos. 23-25). The Court then entered an Order directing Plaintiff to respond to Defendants' Motion. (ECF No. 26). This Order included specific instructions regarding what Plaintiff must do to comply with Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 26). The Order also advised Plaintiff that failure to file a response "will result in the dismissal of this case." *Id.* Plaintiff's response was due by May 6, 2025. *Id.*

Plaintiff filed a Motion to Appoint Counsel on May 2, 2025. (ECF No. 27). This Motion was considered and denied. (ECF No. 28).

Plaintiff failed to file a summary judgment response by May 6, 2025. No mail had been returned as undeliverable.

On May 28, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendants' Motion. (ECF No. 29). Plaintiff's response was due on June 18, 2028. To date, Plaintiff has failed to respond to Defendants' Motion or the Show

Cause Order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders.

## II.   CONCLUSION

For the reasons stated, this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). A separate judgment will be entered this same date.

**Dated** this 1st day of July 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE